UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ROBERT CAMPEN,

        Plaintiff,

  v.

PORTLAND ADVENTIST MEDICAL
CENTER, dba Adventist Health, an Oregon
domestic non-profit corporation,

        Defendant.

Case No. 3:16-cv-00792-YY

FINDINGS AND
RECOMMENDATIONS

YOU, Magistrate Judge:

## INTRODUCTION

Plaintiff, Robert Campen ("Campen") filed this case against Portland Adventist Medical Center ("PAMC"), dba Adventist Health, on May 6, 2016.  Campen's claims center on PAMC's action of ejecting Campen and his service animal out of PAMC on June 1, 2015.  Campen alleges that, through its employees, PAMC:  violated (1) Title III of the Americans with Disabilities Act ("ADA"), 42 USC § 12181-89 (First Claim); (2) Section 504 of the Rehabilitation Act of 1973, 29 USC 794 (Second Claim); (3) two provisions of ORS Chapter 659A, ORS 659A.142 and .143 (Third Claim); and (4) state law prohibiting abuse of a

1 – FINDINGS AND RECOMMENDATIONS

vulnerable person, ORS 124.100 (Fifth Claim); and (5) subjected him to battery by twisting his wrist while ejecting him from PAMC (Fourth Claim).

PAMC filed a Motion to Dismiss (docket #10), seeking to have each of Campen's five claims dismissed on a variety of grounds. PAMC's motion should be granted in part and denied in part, for the reasons discussed below.

## STANDARDS

To survive a motion under FRCP 12(b)(6), a claim must include a short and plain statement showing that the claimant is "entitled to relief." FRCP 8(a)(2). To meet that standard, the claimant must provide factual allegations sufficient to show "a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007) (citation omitted). Establishing the plausibility of a claim is a "process that is 'context specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F3d 990, 995-96 (9th Cir 2014), quoting *Ashcroft v. Iqbal*, 556 US 662, 679 (2009). In evaluating a claim under FRCP 12(b)(6), the court is obligated to assume the truth of the factual allegations, but not the legal conclusions. *Ashcroft*, 556 US at 678.

## ALLEGATIONS

On August 27, 2016, this court granted leave for Campen to file a Second Amended Complaint.[1] This court assumes the truth of the allegations in that pleading, as follows:

Campen lives in a retirement community in Happy Valley, Oregon. *Id*, ¶ 5, 11. Campen is a disabled veteran who suffers from post-traumatic stress disorder ("PTSD"). He has been a patient at PAMC in the past.

---

[1] The Second Amended Complaint is due to be filed on or before September 8, 2016. These allegations are taken from the copy of the proposed pleading attached to the Motion to Amend (docket #14).

Campen has a dog named Libby which he uses as service animal. Libby is trained to stand close to Campen to support him and help him keep his balance while he walks. *Id*, ¶ 10. Libby is also trained to pull the emergency cord in Campen's living room if Campen falls or is ill and unable to pull the cord. She is also trained to provide tasks or services related to Campen's PTSD. Libby reminds Campen to take his medication by staring at him and not leaving his side until he takes his medication. She calms Campen during panic attacks which occur both at home and in public. Campen has a severe hearing impairment and Libby alerts him to dangerous situations such as approaching vehicles.

On June 1, 2015, Campen drove over to PAMC to retrieve medical records that he wanted to deliver to the Veterans Administration. Libby was with Campen and on a leash when Campen entered PAMC's lobby and asked the person working at the information desk how to find the medical records department. *Id*, ¶ 11. Campen and Libby walked to the medical records department without incident. Campen requested and was provided a copy of his medical records in an envelope. *Id*, ¶ 11-12. Neither the person at the information desk nor anyone in the medical records department questioned Campen about Libby.

Campen and Libby then reentered PAMC's lobby and walked toward the exit. *Id*, ¶ 12. Before Campen exited the lobby, two PAMC security guards stopped Campen and loudly stated "You can't have that dog in here." *Id*. Campen responded by telling the security guards that Libby was his service dog. One of the guards then began questioning Campen about whether his service dog was in fact a service animal, asking what the dog did for Campen. *Id*. Campen explained some of the things that Libby helped him with, including helping him with his balance and reminding him to take medications. *Id*. One of the guards responded that Campen's dog was not a service animal but a "companion pet." *Id*, ¶ 13.

3 – FINDINGS AND RECOMMENDATIONS

While the security guards were interrogating Campen, David Russell ("Russell"), a Senior Vice-President, appeared and talked to one of the guards. *Id*, ¶ 14. Russell then stated that if the only reason for having Libby was to remind Campen to take his medication, then there was "no viable reason [for] the dog to be in the building because it is 10 am." *Id*. Russell then yelled "Get the dog out of here." *Id*. One of the guards grabbed Campen by the wrist and forced Campen and Libby to leave. Campen suffered a sprained wrist and had to seek medical attention. *Id*, ¶ 15.

## FINDINGS

### I.     ADA (First Claim)

#### 1.     Declaratory Relief

PAMC first argues that Campen may not pursue declaratory relief for violation of Title III of the ADA. The remedies provision applicable to Title III claims provides that "a civil action for preventative relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved . . . ." 42 USC § 2000a-3(a); *see also* 42 USC § 12188(a)(1)(remedies of 42 USC § 2000a-3(a) apply to claims of discrimination in violation of Title III). In support of its motion, PAMC cites language from *Pickern v. Holiday Foods, Inc.*, 293 F3d 1133 (9th Cir 2002), in which the court stated that the "enforcement provisions of Title III *provide only for injunctive relief*." *Id.* at 1136 (emphasis added).

Campen contends that PAMC's motion should be denied because (1) *Pickern* did not specifically address the issue of whether declaratory relief is allowed under Title III; and (2) 42 USC § 2000a-3(a) broadly allows for "permanent or temporary injunction, restraining order, or

*other order*," which plaintiff argues includes equitable remedies such as declaratory relief. (Emphasis added).

Campen's interpretation of *Pickern* is correct. In *Pickern*, the plaintiff was seeking injunctive relief and not declaratory relief. *Id.* at 1134-35. When the excerpt relied on by PAMC is examined in the context of the opinion, it is clear the court was not precluding declaratory relief. Rather, the court was simply holding that the plaintiff's claim for injunctive relief was allowed under Title III but his claim for monetary damages was not:

> The enforcement provisions of Title III provide only for injunctive relief. Damages are not available to individuals.

*Id.* at 1136 (citing *Newman v. Piggie Park Enterprises, Inc.*, 390 US 400, 402 (1968))("When a plaintiff brings an action under that Title [II], he cannot recover damages.").

Moreover, as Campen correctly notes, 42 USC § 2000a-3(a) broadly allows for "other order[s]." Courts from other jurisdictions have held that Title III allows for declaratory relief. For example, in *Harris v. Del Taco, Inc.,* No. SACV04-730DOCMLGX, 2004 WL 3744291 (CD Cal Sept 13, 2004), the court held that "seeking declaratory relief for a violation of the ADA, while superfluous, is not inconsistent with the enforcement provisions of the ADA." *Id.* at *4. In reaching that conclusion, the *Harris* court cited the same "other order" language from 42 U.S.C. § 2000a–3(a) upon which Campen relies. *Id.*; *see also Ass'n for Disabled Americans, Inc. v. Concorde Gaming Corp. (Goldcoast Entm't Cruises)*, 158 F Supp 2d 1353, 1359 (SD Fla 2001)(holding that both injunctive and declaratory relief are available under Title III). Because Title III allows for declaratory relief, PAMC's motion in this regard should be denied.

### 2.     Injunctive Relief as to Campen Personally

In its motion, PAMC alleged that Campen is not entitled to injunctive relief as it relates to him personally because he failed to allege facts showing he will suffer future discrimination

by PAMC.  The court has granted Campen permission to file a second amended complaint, in which he alleges that he has been deterred from returning to defendant's facility (docket # 19). PAMC acknowledges in supplemental briefing that its motion in this regard is now moot (docket #18).

### 3. Injunctive relief as to disabled persons generally

In his complaint, Campen seeks injunctive relief, "including, but not limited to, an order prohibiting Adventist and the Medical Center from continued discrimination against people with disabilities and an order mandating full compliance with Title III of the ADA." (Second Amended Complaint, ¶22).  PAMC contends that Campen is not entitled to injunctive relief regarding disabled persons generally.

At oral argument, Campen's counsel acknowledged that he did not specifically address this aspect of PAMC's motion in his written response.  Campen's counsel urged the court to find that this request for injunctive relief on behalf of all disabled persons falls within the broad equitable powers of the court, but did not cite any cases or authority in support.

PAMC is correct that there is a "general prohibition on a litigant's raising another person's legal rights."  *Allen v. Wright*, 468 US 737, 751 (1984).  "[C]ourts have routinely denied plaintiffs standing to challenge instances of non-compliance with the ADA unrelated to their own disabilities[.]"  *Wasco v. T Corp.*, No. CIV.A. 04-0099 (JR), 2008 WL 53707, at *2 (D DC Jan. 3, 2008).  "[A] plaintiff in an ADA action does not, by the mere filing of a lawsuit alleging one violation, obtain the right to perform a wholesale audit of the defendant's premises." *Martinez v. Longs Drug Stores, Inc.*, No. CIVS-03-1843DFL CMK, 2005 WL 2072013, at *4 (ED Cal Aug. 25, 2005), *aff'd in part, rev'd in part sub nom Martinez v. Longs Drug Stores*

6 – FINDINGS AND RECOMMENDATIONS

*Corp.*, 281 F App'x 712 (9th Cir 2008).  Therefore, to the extent plaintiff seeks injunctive relief regarding disabled persons other than himself, PAMC's motion to dismiss should be granted.

    **4.**     **Denial of services**

PAMC argues that Campen was not denied access or services because he was on his way out of PAMC when the encounter with PAMC staff ensued.  Although Campen originally alleged that he had "concluded his business in Adventist's medical records department," his complaint now makes no such allegation intimating that he had "concluded" his business in PAMC's facility.  PAMC cites no case for the proposition that a disabled individual loses ADA protections when in the process of leaving a place of public accommodation.  Campen had come to retrieve his medical records from PAMC.  Viewed in his favor, he was no less entitled to completely exit the hospital without confrontation than he was to enter it in the first place.  Accordingly, to the extent it requests dismissal of the ADA claim for failure to allege denial of access or services, the motion should be denied.

**II.**     **Rehabiliation Act (Second Claim)**

PAMC seeks to dismiss Campen's Rehabilitation Act claim on the same grounds it seeks to dismiss his ADA claim.  For the same reasons discussed above, those arguments should be rejected.

Additionally, PAMC contends that Campen's Rehabilitation Act claim should be dismissed because Campen fails to adequately allege that PAMC receives federal financial assistance.  Section 504 of the Rehabilitation Act of 1973 provides that "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be . . . subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."  29 USC § 794(a). A "program or activity" includes "an entire corporation, partnership, or other

private organization . . . which is principally engaged in the business of providing . . . health care

. . . any part of which is extended Federal financial assistance." 29 USC § 794(b)(3)(A)(ii).

Payments "constitute federal financial assistance if they include a subsidy but that they do not constitute such assistance if they are merely compensatory." *Jacobson v. Delta Airlines, Inc.*, 742 F2d 1202, 1210 (9th Cir 1984). The court must "focus . . . on the intention of the government [and] determine whether the government intended to provide assistance or merely to compensate." *Id*; *see also DeVargas v. Mason & Hanger-Silas Mason Co., Inc.*, 911 F2d 1377, 1382 (10th Cir 1990) ("The term 'financial assistance' is not defined in the Rehabilitation Act. We apply the ordinary meaning of the term and conclude that an entity receives financial assistance when it receives a subsidy."); *Dana v. Baker Hughes, Inc.*, 2015 WL 5576880 at *5 (MD Penn Sept. 21, 2015) (noting reliance of case law on federal regulation defining "Federal financial assistance," 45 CFR § 84.3(h)); *Shotz v. Am. Airlines, Inc.*, 323 FSupp2d 1315, 1318-19 (SD Fla 2004) (inquiry of whether entity received federal financial assistance "focuses on the intent of Congress . . . and not on the acts of the receipient of the funds"); *Shepherd v. U.S. Olympic Committee*, 94 FSupp2d 1136, 1147 (D Colo April 20, 2000) (relying on "broad definition of 'financial assistance' in *Jacobson*, cited with approval by the Tenth Circuit in *DeVargas*" and finding that the plaintiff "should be allowed the benefit of discovery").

In his complaint, Campen alleges that PAMC "accepts Medicare and Medicaid patients and therefore receives federal funds." Second Amended Complaint, ¶ 7. Campen also alleges that PAMC "was and is a recipient of federal financial assistance for its programs and activities." Second Amended Complaint, ¶ 28. PAMC argues that this language is too conclusory. PAMC also contends that the Medicare and Medicaid funds it receives for treating patients is merely

"compensation for services rendered" rather than a "subsidy," and therefore is insufficient to trigger Rehabilitation Act liability.

There is no Ninth Circuit case law deciding this issue.  However, other courts have held that a complaint simply alleging, as Campen does, that a defendant receives "federal financial assistance" is sufficient.  *See Blunt v. Aetna/US Healthcare*, No. Civ.3:04CV483 (CFD), 2005 WL 1561800, at *4 (D Conn June 30, 2005); *Treadwell v. St. Joseph High Sch.*, No. 98 C 4906, 1999 WL 753929, at *4 (ND Ill Sept. 15, 1999)(finding "sufficient" Treadwell's allegation that "SJHS is a program or activity receiving Federal financial assistance under the Rehabilitation Act"); *Simpson v. Reynolds Metals Co.*, 629 F2d 1226, 1234 n. 13 (7th Cir 1980) ("an allegation that the defendants received federal financial assistance [is] probably sufficient to apprise the defendants of the grounds of his [Rehabilitation Act] claim").  One court also noted, contrary to PAMC's contention, that "Medicare and Medicaid payments have been widely interpreted as federal financial assistance when raised in the context of Section 504 litigation[.]"  *Alexander v. Kujok*, 158 F Supp 3d 1012, 1022 (ED Cal 2016) (citing *United States v. Baylor Univ. Med. Ctr.*, 736 F2d 1039, 1042 (5th Cir 1984) (Medicare and Medicaid payments to a hospital's inpatient and emergency services program constituted federal financial assistance under Section 504); *Doe v. Centinela Hospital*, No. CV 87–2514 PAR (PX), 1988 WL 81776, at *11 (CD Cal June 30, 1988) (residential alcohol and drug rehabilitation program that received Medicare funds for treatment of some patients was a recipient of federal financial assistance under the Rehabilitation Act).  Additionally, without discovery, Campen is hard-pressed to identify federal funds flowing to PAMC, much less identify the intent of Congress in providing those funds.  *See Shepherd*, 94 FSupp2d at 1147 (denying Rule 12(b)(6) motion to dismiss Rehabilitation Act claim, holding that plaintiff "should be allowed the benefit of discovery, particularly with reference to the issue

of whether Congress or any federal agency, by providing direct or indirect financial assistance to [defendant], has or had the requisite intent to subsidize it"). Accordingly, to the extent PAMC's motion seeks dismissal of the Second Claim for failure to adequately allege "federal financial assistance," the motion should be denied.

### III.     State Law Claims

PAMC also seeks dismissal of Campen's state law claims for violation of ORS Chapter 659A (Third Claim), battery (Fourth Claim), and violation of ORS 124.100 (Fifth Claim). However, each of PAMC's arguments hinges on the premise that Campen's federal claims are subject to dismissal. For the reasons above, those arguments lack merit. Accordingly, PAMC's arguments for dismissal of the state law claims should also be rejected.

### RECOMMENDATIONS

For the above reasons, PAMC's Motion to Dismiss (docket #10) should be: (1) GRANTED as to plaintiff's request under the ADA (First Claim) for injunctive relief regarding disabled persons generally; (2) DENIED AS MOOT as to plaintiff's claim under the ADA (First Claim) for injunctive relief personally; and (3) DENIED on the merits as to all remaining issues.

### SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Monday, September 19, 2016. If no objections are filed, then the Findings and Recommendations will go under advisement on that date. If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.
///

## **NOTICE**

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED September 2, 2016.

/s/Youlee Yim You
Youlee Yim You
United States Magistrate Judge